**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Helen L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 25 cv 50009 |
| v. | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| Frank Bisignano | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Helen L., seeks review of the final decision of the Commissioner of the Social Security Administration denying her disability benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

**BACKGROUND**

**A. Procedural History**

On April 22, 2022, Helen L. ("Plaintiff") filed a Title II application for disability and disability insurance benefits, alleging a disability beginning on August 15, 2019. R. 17. The Social Security Administration denied her application initially on January 30, 2023, and upon reconsideration on September 15, 2023. *Id*. Plaintiff filed a written request for a hearing, and on April 25, 2024, a telephonic hearing was held by Administrative Law Judge ("ALJ") Lee Lewin where Plaintiff appeared and testified. *Id*. Plaintiff was represented by a non-attorney representative. *Id.* Susan Entenberg, an impartial vocational expert ("VE"), also appeared and testified. *Id*.

On September 3, 2024, the ALJ issued her written opinion denying Plaintiff's claim. R. 17-31. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-6. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [27]. Now before the Court are Plaintiff's motion to reverse and remand the Commissioner's decision [17], the Commissioner's response brief [20], and Plaintiff's reply [24].

**B. The ALJ's Decision**

In her ruling, the ALJ applied the statutorily required five-step analysis to determine whether

Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 15, 2019, the alleged onset date. R. 20. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine; history of left meniscus repair; history of right shoulder dislocations; mild traumatic brain injury; posttraumatic disorder ("PTSD"); depression; borderline personality disorder; unspecified episodic mood disorder; Adderall and cannabis use disorder; and substance induced mood and anxiety disorder. R. 20. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 20-22.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work except she is limited to occasionally climb ladders, ropes, and scaffolds; frequently climb ramps and stairs, stoop, kneel, crouch, crawl, and balance. The Plaintiff must avoid concentrated exposure to hazards, including dangerous moving machinery and unprotected heights. Plaintiff cannot take on any job-related driving. She can understand, remember, and carry out simple instructions with sufficient persistence, concentration, or pace to timely and appropriately complete job duties. Plaintiff can have occasional, routine, superficial contact with coworkers and supervisors, but no contact with the general public. Plaintiff can make simple work-related decisions and adapt to changes in routine work settings if gradually introduced. R. 22-29. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. R. 29. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. R. 30-31. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from August 15, 2019, through the date of decision, September 3, 3024. R. 31.

### STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cain v. Bisignano*, No. 24-1590, 2025 WL 2202133, at *3 (7th Cir. Aug. 4, 2025) (quoting *Crowell v. Kijakazi*, 72 F.4th 810, 813 (7th Cir. 2023)). "Substantial evidence is 'more than a mere scintilla.'" *Biestek v. Berryhill*, 587 U.S. 97, 97, 103 (2019) (citations omitted). "Whatever the meaning of 'substantial' in other contexts," the Supreme Court has emphasized, "the threshold for such evidentiary sufficiency is not high." *Crowell*, 72 F.4th at 813 (quoting *Biestek*, 587 U.S. at 103) (citation modified). As such, the reviewing court takes a limited role and cannot displace the decision by reconsidering facts or evidence or by making independent credibility determinations, *id*. at 814 (citing *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)), and "confines its review to the reasons offered by the ALJ." *Green v. Astrue*, No. 11 CV 8907, 2013 WL 709642, at *7 (N.D. Ill. Feb. 27, 2013). As the Seventh Circuit has made clear, ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) (citations omitted). "All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the

agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054 (citation modified).

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025) (citation modified) (citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, re-weighing or resolving conflicts in the evidence, or deciding questions of credibility." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020). The court's "review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Id*. Additionally, an ALJ "need not specifically address every piece of evidence, but must provide a logical bridge between the evidence and his conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (citation modified) (citations omitted); *see also Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

## DISCUSSION

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to properly account for Plaintiff's moderate limitation in concentration, persistence, and pace ("CPP"). The Court finds that the ALJ properly supported her conclusions with substantial evidence. Accordingly, the Court affirms the Commissioner's decision.

A claimant's RFC is the maximum work she can perform despite any limitations. 20 C.F.R. § 416.945(a)(1); SSR 96-8p, 1996 WL 374184, at *2. When determining a claimant's RFC, an ALJ must "evaluate the intensity and persistence of [a claimant's] symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." SSR 16-3p. An ALJ must base a claimant's RFC on all relevant evidence in the record, including the claimant's medical history, medical findings and opinions, reports of daily activities, and the effects of the claimant's symptoms and treatment. 20 C.F.R. § 416.945(a)(3); SSR 96-8p, 1996 WL 374184, at *5. "Although the responsibility for the RFC assessment belongs to the ALJ, not a physician, an ALJ cannot construct [her] own RFC finding without a proper medical ground and must explain how [she] has reached [her] conclusions." *Amey v. Astrue*, No. 09 C 2712, 2012 WL 366522, at *13 (N.D. Ill. Feb. 2, 2012) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005)). "Essentially, an ALJ's RFC analysis must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations." *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022) (internal quotations and citation omitted). In this case, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of her impairments and symptoms are not entirely consistent with the medical evidence and other evidence in the record" and concluded that Plaintiff could perform light work with certain limitations. R. 22-29. Here, the ALJ has said enough to ensure that she considered the totality of Plaintiff's limitations and included all limitations supported by the record in formulating the RFC.

Plaintiff faults the ALJ for determining that Plaintiff had a moderate limitation in concentrating, persisting, or maintaining pace, but the RFC allows for Plaintiff to "carry out simple instructions with sufficient persistence, concentration, or pace to timely and appropriately complete job duties." R. 22-23. Plaintiff argues this is inconsistent by concluding that Plaintiff is not impaired in her ability to concentrate, persist, and maintain pace. Citing to *Crump v. Saul*, 932 F.3d 567, 570

(7th Cir. 2019) and *Bruno v. Saul*, 817 Fed. Appx. 238, 242 (7th Cir. 2020), Plaintiff argues that a restriction to simple tasks is generally not enough to account for moderate CPP limitations. "The concern is that the restriction is used as a one-size-fits-all solution without delving into an individualized assessment of the claimant's specific symptoms." *Id*. Plaintiff argues that here the ALJ noted no evidence that she would be limited in this area despite the fact that the record reflects Plaintiff would have difficulty maintaining CPP on a sustained basis. As to record evidence, Plaintiff cites to Plaintiff's consultative examination with Glen Wurglitz, Psy.D. Dr. Wurglitz's report noted that Plaintiff can only concentrate on tasks for a "short period of time,"[1] had a constricted affect, and noted that Plaintiff would not be able to manage her finances. [17] pp. 8-9. However, the Court notes that Dr. Wurglitz's assessment also bears out that Plaintiff was, among other things, able to understand and remember what she sees on television and what she reads, evidenced no difficulty in expressing herself, her delayed memory was good, she freely recalled items from earlier in the examination, her memory was average and she was aware of current events, her abstract reasoning was good, and she was able to read and follow multi-step directions. R. 9750-51. The ALJ's decision also accounted for these findings. R. 28-29.

The ALJ's decision further evaluates the January and September 2023 findings of state agency psychological consultants, Melanie Nichols, Ph.D., and Joseph Mehr, Ph.D. Both consultants found that Plaintiff had a moderate limitation in concentrating, persisting, and maintaining pace, and was capable of performing simple, routine tasks. R. 28. The ALJ decision states:

> [T]he consultants noted that overall, the claimant should be able to meet the basic mental demands of competitive, remunerative, simple tasks on a sustained basis, in settings of low social contact, including the abilities to understand, carry out, and remember simple instructions; make judgments commensurate with the functions of simple work, i.e., simple work-related decisions; respond appropriately to supervision, coworkers and work situations; and deal with changes in a routine work setting if introduced gradually.

*Id.* The ALJ found these opinions persuasive and Plaintiff does not dispute these findings, only argues that the ALJ "did not go far enough" in explaining how Plaintiff is unimpaired in CPP. [17], p. 8. Additionally, Plaintiff does not point to any opinion contradicting these medical findings.[2] The Court finds that the ALJ adequately addressed Plaintiff's moderate limitations in CPP and sufficiently supported her reasoning. When formulating an RFC for a claimant, an ALJ must account for all moderate limitations identified in the medical record. *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015). However, as the Seventh Circuit has noted, a "'moderate limitation' is defined

---

[1] To accurately cite to the record, Dr. Wurglitz's assessment reads: "With effort and for short periods of time, Ms. Lilly is able to concentrate on a task." R. 9750. Also, the Court notes that this portion of the assessment is taken from Plaintiff's self-reporting.

[2] Plaintiff also complains that it is "concerning" that as an honorably discharged veteran of the United States Army with a 100 percent service-connected disability rating which includes mental impairments, that the ALJ would find her unimpaired in her ability to maintain CPP throughout a workday. [17], p. 10. The Court is not persuaded by this argument. The Social Security Administration holds that "a decision by any other governmental agency…about whether [a claimant] is disabled…or entitled to benefits based on its rules, is not binding on [the SSA] and is not [the SSA's] decision about whether [a claimant is] disabled." 20 C.F.R. § 404.1504.

by regulation to mean that functioning in that area is 'fair.'" *Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1). Further, "'fair' in ordinary usage does not mean 'bad' or 'inadequate.' So a 'moderate' limitation in performing at a consistent pace seems consistent with the ability to perform simple, repetitive tasks at a consistent pace." *Id.*

Plaintiff also argues that the ALJ failed to take into account her subjective symptoms. These included racing thoughts, pressured speech, attention and concentration deficits, traumatic brain injury, and an acute suicidal crisis episode. *Id.* However, the ALJ's decision does take into consideration Plaintiff's personal accounts of her mental health status, both from her hearing testimony, and throughout her medical records as reported to her providers. *See* R. 23-24; 26-29. The ALJ also notes Plaintiff's activities of daily living, which included previously living with a friend, helping care for the friend's children and pet, preparing her own meals, doing dishes and laundry, making her bed and vacuuming. Plaintiff also testified that she is able to drive, go out alone, shop in stores, go to the YMCA to work out, work on puzzles, read, listen to music, and journal. She also spends time with others on the phone and in person, and cares for her pet. R. 23-24. "As long as an ALJ gives specific reasons supported by the record, [the Court] will not overturn a credibility determination unless it is patently wrong." *Grotts v. Kijakazi*, 27 F.4th 1273, 1279 (7th Cir. 2022). An ALJ's assessment is patently wrong if the decision lacks any explanation or support. *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). Here, the ALJ's evaluation of Plaintiff's symptoms adequately supported her finding that in a work environment, Plaintiff could carry out simple instructions with sufficient persistence, concentration, or pace to timely and appropriately complete job duties.

The Seventh Circuit has held that a moderate rating in concentration, persistence, and pace can include a limitation of simple, repetitive tasks. *See Recha v. Saul*, 843 Fed. Appx. 1 (7th Cir 2021) (RFC determination that plaintiff had moderate limitation in CPP and limited plaintiff to simple, routine, repetitive work, was supported by substantial evidence); *Urbanek v. Saul*, 796 Fed. Appx. 910, 914 (7th Cir. 2019) ("Here, the ALJ adequately accounted for Urbanek's limitations in concentration, persistence, or pace. Even generic limitations, such as limiting a claimant to simple, repetitive tasks, may properly account for moderate limitations in concentration, persistence, and pace, so long as they adequately account for the claimant's demonstrated psychological symptoms found in the record." (citations and quotations omitted)). Here, the ALJ found that Plaintiff occasionally had some difficulties with attention and concentration but found that the record generally contained normal mental status findings. While Plaintiff may contend that greater or different restrictions were necessary, this Court does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the [ALJ]." *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (internal quotations and citation omitted). It is up to the ALJ to weigh conflicting evidence and provide a reasonable explanation for her conclusion. This is precisely what the ALJ did here. The ALJ's mental restrictions were appropriately based on Plaintiff's statements, treatment records, and mental health assessments.

## CONCLUSION

For the foregoing reasons, the decision below is affirmed. Final judgment will be entered accordingly.

Date: March 10, 2026                    ENTER:

_Margaret J. Schneider_
United States Magistrate Judge